Hon. Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| RACHEL K. MCMILLAN,<br><br>                      Plaintiff,<br><br>    v.<br><br>THE CPRIDE GROUP LLC, PRIDE GROUP NW LLC, CARLENE PRIDE, UNKNOWN JOHN DOE EMPLOYEES OF DEFENDANTS, CARLENE PRIDE'S MARITAL COMMUNITY,<br><br>                    Defendants. | Case No. 2:21-cv-00549-BJR<br><br>**DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO REQUIRE SPECIFICITY OF CLAIMS**<br><br>**Pursuant to Fed. R. Civ. P. 8(a), 10(b), 12(b)(1), 12(b)(6), 12(e), and 12(f)**<br><br>**ORAL ARGUMENT REQUESTED** |

**CERTIFICATION OF MEET AND CONFER REQUIREMENT**

In compliance with the Court's Standing Order for all Civil Cases, the parties made a good faith effort, by telephone on September 3, 2021 and September 13, 2021, and by email on September 14, 2021, to resolve the disputes that are the subject of this motion and have been unable to do so.

**MOTIONS**

Pursuant to Federal Rules of Civil Procedure ("Rules") 8(a), 12(b)(1), 12(b)(6), defendants move for an order dismissing plaintiff's complaint in its entirety for lack of subject matter jurisdiction.  Defendants also move, pursuant to Rules 8(a) and 12(b)(6), to

**DEFENDANTS' MOTION TO DISMISS - 1**
**No. 2:21-cv-00549-BJR**

**MARKOWITZ HERBOLD PC**
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

dismiss plaintiff's claims under the Fair Labor Standards Act ("FLSA") and all claims against defendants John Doe Employees of Defendants ("John Doe Employees"), Pride Group NW LLC, and defendant Carlene Pride's husband ("the marital community"). In the alternative, defendants move, pursuant to Rules 8(a)(2), 10(b), and 12(e), for an order requiring plaintiff to specify each claim that she is asserting against each defendant and to further clarify her allegations to assist the Court and the parties.

## BACKGROUND

Defendant Carlene Pride ("Ms. Pride") is a real estate broker who owns and operates two entities: The CPride Group LLC ("CPride") and Pride Group NW LLC ("Pride Group"). Those organizations are also named as defendants in this case. Plaintiff, Rachel McMillan, alleges that she worked for Ms. Pride at CPride from early 2018 to November 2018 as a transaction coordinator. The parties dispute, among other things, whether plaintiff is entitled to certain bonus payments under her contract to work with CPride.

Plaintiff alleges that defendants have violated various wage and hour laws, that defendants have retaliated against her for asserting her rights under those wage and hour laws, that defendants breached their contract with plaintiff, and that defendants have defamed her. (Plaintiff's Complaint ("Compl.") ¶¶ 5.2-5.51, Dkt. 1 at pp. 34-46.)[1] She seeks damages, punitive damages, pre- and post-judgment interest, injunctive relief, and other unspecified equitable relief as the Court deems appropriate.

As explained below, plaintiff's action alleging violations of various wage and hour laws should be dismissed because the Court lacks subject-matter jurisdiction over the case. Plaintiff's claims against Ms. Pride's marital community, John Doe Employees, and Pride Group should also be dismissed for failure to state a claim. Alternatively, the Court should

---

[1] For purposes of this motion, defendants accept plaintiff's allegations as true though they dispute her employment status as a matter of law.

**DEFENDANTS' MOTION TO DISMISS - 2**
No. 2:21-cv-00549-BJR

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

enter an order requiring plaintiff to specify which claims she is bringing against each defendant and which legal and factual theories support those claims.

## LEGAL STANDARDS

### I.      Rule 8

Rule 8(a)(1) requires "a short and plain statement of the grounds of the court's jurisdiction."  Similarly, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  A complaint must "fully set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). A plaintiff must "plead a short and plain statement of the elements of [her] claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

### II.     Rule 10

Rule 10(b) requires a party to state its claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Under Rule 10, courts have required separate counts "where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate clear presentation." *Bautista*, 216 F.3d at 840-41.  Where there are multiple defendants involved, courts have required plaintiffs' claims to be separated into different counts.  *Global Solutions, LLC v. MD Mktg., LLC*, No. CV 07-489-S-EJL-CWD, 2009 WL 3747174 at *4 (D. Idaho Nov. 3, 2009).  "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings."  *Bautista*, 216 F.3d at 841.  Although the rule does not specifically authorize motions to require separate statements of claims, "courts have used their inherent power to issue such orders and have dismissed actions for noncompliance under Rule 41(b)."  *Id.*

**DEFENDANTS' MOTION TO DISMISS - 3**
**No. 2:21-cv-00549-BJR**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

**III.    Rule 12**

       **A.    Rule 12(b)(1)**

Rule 12(b)(1) permits a party to move to dismiss for lack of subject-matter jurisdiction.  A motion may be a facial or factual challenge to the court's jurisdiction.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  To survive a facial challenge, the allegations in a plaintiff's complaint must be sufficient on their face to invoke federal jurisdiction.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In determining a defendant's motion to dismiss under Rule 12(b)(1), a court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiffs.  *Id.*

       **B.    Rule 12(b)(6)**

Rule 12(b)(6) permits a party to move to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted.  Such a motion may be granted only when no cognizable legal theory supports the claim, or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint must contain sufficient allegations to plausibly suggest the plaintiff is entitled to relief).  A court must accept all well-pleaded allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party.  *In re Fitness Holdings, Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013).  A claim is facially plausible when the plaintiff pleads factual content that permits the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  A complaint should be dismissed if the factual allegations allow only for "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft*, 556 U.S. at 678.

       **C.    Rule 12(e)**

Rule 12(e) authorizes a motion for an order requiring a plaintiff to make a more definite statement when the plaintiff's pleadings are "so vague and ambiguous that the party

**DEFENDANTS' MOTION TO DISMISS - 4**
**No. 2:21-cv-00549-BJR**

Markowitz Herbold PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

1  cannot reasonably prepare a response."  A motion under Rule 12(e) may be used to challenge

2  a pleading that does not comply with rules 8 and 10.  *Anderson v. Dist. Bd. of Trs. of Cent.*

   *Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

3                                            ARGUMENT

4  **I.      The Court should dismiss plaintiff's complaint in its entirety because the Court**
          **lacks subject-matter jurisdiction in this case.**

5
          The Court should dismiss plaintiff's complaint in its entirely under Rule 8(a)(1) and

6  Rule 12(b)(1) because the Court lacks subject-matter jurisdiction over this case.  Rule 8(a)(1)

7  requires "a short and plain statement of the grounds for the court's jurisdiction."  That

8  statement must allege that either federal question jurisdiction under 28 U.S.C. § 1331 exists,

9  or that diversity jurisdiction under 28 U.S.C. § 1332 exists.  To establish federal question

   jurisdiction, the plaintiff must show that she has a non-frivolous claim "arising under the
10
   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To establish diversity
11
   jurisdiction, the plaintiff must show that the amount in controversy exceeds $75,000 and the
12
   controversy is between "citizens of different states."  28 U.S.C. § 1332.  Diversity
13
   jurisdiction does not exist under 28 U.S.C. § 1332 unless there is complete diversity, "*i.e.*,

14 only if there is no plaintiff and no defendant who are citizens of the same state."  *Wis. Dep't*

   *of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).
15
          Here, plaintiff does not specify the basis for federal court jurisdiction, as required by
16
   Rule 8(a)(1).  Moreover, plaintiff's complaint does not allege facts giving the Court diversity
17
   jurisdiction.  Plaintiff's complaint appears to allege that CPride, Pride Group, and Ms. Pride
18
   are all citizens of the state of Washington.  Plaintiff alleges that Ms. Pride resides in Seattle,
19
   Washington.  (Compl. ¶ 1.4, Dkt. 1 at p. 2.)  That alone defeats the complete diversity

20 requirement.  But even if Ms. Pride did not reside in Seattle, plaintiff's allegations do not

   establish diversity jurisdiction.  Although plaintiff does not explicitly allege whether she
21
   believes CPride and Pride Group are citizens of Washington, plaintiff does not appear to

22 contest that fact.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th

**DEFENDANTS' MOTION TO DISMISS - 5**
**No. 2:21-cv-00549-BJR**

**MARKOWITZ HERBOLD PC**
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

Cir. 2006) (holding that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). As to CPride's citizenship, plaintiff alleges that Ms. Pride is the "only owner, shareholder, and officer of CPride." (Compl. ¶ 1.13, Dkt. 1 at p. 3.) As to Pride Group's citizenship, plaintiff alleges that Ms. Pride is the "only owner, shareholder, and officer of Pride NW." (Compl. ¶ 1.24, Dkt. 1 at p. 4.) Finally, plaintiff also alleges that she resides in Seattle, Washington. (Compl. ¶ 2.5, Dkt. 1 at p. 5.) Thus, the Court lacks diversity jurisdiction in this case.

The Court also lacks subject-matter jurisdiction. "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of [her] own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citation omitted). Federal courts lack subject-matter jurisdiction over claims based on federal law when those claims are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted). For example, in *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137-38 (2d Cir. 2002), the plaintiff's claims that the defendant violated its federal due process rights did not confer subject-matter jurisdiction over the case because the defendant was a private actor and the Due Process Clause does not apply to private actors.

The Court should reach the same conclusion here. When setting forth her causes of action, plaintiff relies on the minimum wage, overtime, and retaliation provisions of the Fair Labor Standards Act of 1938 (FLSA) in addition to other state statutes and city code provisions. Specifically, plaintiff relies on four provisions of the FLSA: (1) 29 U.S.C. § 206, which requires employers to pay their non-exempt employees a minimum wage of $7.25 per hour; (2) 29 U.S.C. § 207, which requires employers to pay their non-exempt employees time-and-a-half for any hours they work beyond 40 hours per week; (3) 29 U.S.C. § 216(b), which creates a private right of action for violations of the FLSA; and (4) 29 U.S.C. § 215(a)(3), which prohibits an employer from discharging an employee because the employee

**DEFENDANTS' MOTION TO DISMISS - 6**
No. 2:21-cv-00549-BJR

filed a complaint or instituted a proceeding under the FLSA.  However, as set forth below, none of those FLSA provisions apply in this case.  Plaintiff does not allege that she was a non-exempt employee under the FLSA and, indeed, alleges facts that establish her as an exempt employee under the law.  Further, her complaint does not allege that she was discharged because she engaged in protected conduct under the FLSA.

**A.      Plaintiff is not, and does not contend to be, a non-exempt employee under the FLSA.**

Plaintiff does not allege that she is a non-exempt employee for purposes of a minimum wage or overtime claim under the FLSA.  Further, her allegations actually establish that, under the FLSA, she would be classified as exempt.  The FLSA exempts "bona fide executive, administrative, or professional" employees from FLSA overtime and minimum wage requirements.  29 U.S.C. § 213(a)(1).  Taking plaintiff's allegations as true, she is a bona fide administrative employee and cannot bring claims under the FLSA.

An employee is an administrative employee (and thus exempt) for purposes of the FLSA if the employee is paid a salary of "not less than $684 per week," exercises independent judgment with respect to matters of significance, and "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers."  29 C.F.R. § 541.200(a)(1)-(3).  Whether an employee is an administrative employee turns on whether the employee's work is "related to the goods and services which constitute the business' marketplace offerings" as opposed to "work which contributes to 'running the business itself.'"  *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1127 (9th Cir. 2002).  Thus, production and sales work do not constitute administrative work, but work in "functional areas" such as company finance, accounting, budgeting, human resources, computer network, "internet and database administration," and similar activities do constitute administrative work under the FLSA.  29 C.F.R. § 541.201(b).

Here, plaintiff expressly alleges that she was paid on a salary basis.  She asserts that "during the time CPride paid [plaintiff] a salary, McMillan could not increase or decrease her

**DEFENDANTS' MOTION TO DISMISS - 7**
**No. 2:21-cv-00549-BJR**

monthly income from CPride solely by managing her work more efficiently or effectively." (Compl. ¶ 4.221, Dkt. 1 at p. 30.)  She also alleges that she was paid a salary of $4,200 per month—an amount that exceeds the $684 per week FLSA threshold.  (Compl. ¶ 4.23, Dkt. 1 at p. 9.)  She also expressly alleges that, although she worked for a real estate company, she was not a real estate broker, nor was she legally permitted to work as a real estate agent under defendants' brokerage license.  (Compl. ¶¶ 4.214, 4.216, 4.219, Dkt. 1 at pp. 29-30.) Plaintiff alleges she was not involved in the production or sales operations of the company; instead, her work as a transaction coordinator "support[ed] Pride's work as a broker." (Compl. ¶ 4.253, Dkt. 1 at p. 33.)  Plaintiff alleges that she was employed as a transaction coordinator, and that her job encompassed "multi-lateral digital management."  (Compl. ¶ 4.16, Dkt. 1 at p. 8.)  Under Department of Labor regulations, employees whose primary duties involve database administration, budgeting, and other "functional areas" of business operations are exempt from the minimum wage and overtime requirements under the FLSA. Accordingly, plaintiff's claims under 29 U.S.C. § 206 and § 207 lack merit and do not confer subject-matter jurisdiction in this case.

### B. Plaintiff does not allege, and did not engage in, protected activity under the FLSA.

Plaintiff also fails to allege that she engaged in protected activity under the FLSA.  To constitute protected activity under the FLSA, "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).  "[F]air notice that an employee is making a complaint that could subject the employer to a later claim of retaliation" is required.  *Id.* at 13.  Fair notice requires, *at a minimum*, that the employee mention the FLSA, minimum wage, or overtime.  *See, e.g.*, *Karsten*, 563 U.S. at 14 (complaint must put employer on notice that employee is asserting rights protected by the FLSA); *Rosenfield v. GlobalTranz Enters., Inc.*, 811 F.3d 282, 285 (9th Cir. 2015) (employee complained orally to management on at least eight occasions that company was not in compliance with the FLSA,

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

and on some occasions, provided copies of the statute); *Lambert v. Ackerley*, 180 F.3d 997, 1001 (9th Cir. 1999) (employer was on notice when employee requested a meeting to discuss overtime wages, employee called the United States Department of Labor to ask whether she was entitled to overtime, and informed her employer that the Department had concluded that she was entitled to overtime); *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 38 (1st Cir. 1999) (employee wrote letter to employer reminding employer "once again" that she was non-exempt from the requirements of the FLSA).

Here, plaintiff alleges that she was fired for refusing to sign a new employment contract releasing her claims to bonuses that she had claimed she was entitled to.  (Compl. ¶¶ 4.143-4.162, Dkt. 1 at pp. 21-23.)  Requesting payment of $1,500 bonuses is not protected activity under the FLSA because it does not put an employer on notice that the employee is asserting a complaint under the FLSA.  Plaintiff does not allege that she informed her employer that she was asserting a claim for overtime or minimum wages.  Instead, plaintiff alleges that her bonuses were connected to sales that Ms. Pride closed.  (Compl. ¶ 4.27, Dkt. 1 at p. 9.)  Where the bonuses were unrelated to the hours that plaintiff worked, and where plaintiff did not allege that she believed she was not being paid minimum wage or overtime under the FLSA, Ms. Pride and CPride were not put on notice that plaintiff was engaging in protected activity under the FLSA.  Plaintiff's claims under 29 U.S.C. § 215(a)(3) therefore fail to state a cognizable claim, must be dismissed, and thus cannot confer subject-matter jurisdiction over this case.

In the absence of diversity of citizenship or a cognizable federal claim, the Court has no jurisdiction over any of the claims.

## II.    The Court should dismiss plaintiff's claims against Unknown John Doe Employees of Defendants and Pride Group for failure to state a claim.

Independent of the lack of federal jurisdiction, the Court should dismiss plaintiff's claims against defendants "Unknown John Doe Employees of Defendants" because plaintiff does not allege facts that permit a reasonable inference that any such claims exist.  A short and plain statement of any claim is required under Rule 8(a)(2)-(3).  *See McHenry*, 84 F.3d at

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

1177 (A complaint must "fully set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery."); *Ashcroft*, 566 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Under *Ashcroft*, to survive a motion to dismiss, a complaint must allege facts sufficient to state a claim for relief that is "plausible on its face."  *Id.* at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Here, plaintiff's complaint contains no factual allegations specific to those defendants or that would otherwise permit the Court to reasonably infer that they engaged in any misconduct whatsoever.  Plaintiff's complaint lacks any indication as to what claims or theories of liability apply to the Unknown John Doe Employees.  Without any specific factual allegations concerning the Unknown John Doe Employees, defendant can only guess whether plaintiff believes that those employees committed violations of wage and hour laws or whether plaintiff believes those employees are liable for defamation.  This court should therefore dismiss all claims against the Unknown John Doe Employees for failure to state a claim upon which relief can be granted.

Similarly, as to Pride Group, plaintiff's complaint alleges only that plaintiff received a check from Pride Group and that Ms. Pride owns Pride Group.  Plaintiff does not allege that she worked for Pride Group, nor does she allege that Pride Group was plaintiff's employer by virtue of its relationship with Ms. Pride.  Without any specific factual allegations concerning the ways in which she was harmed by Pride Group, plaintiff's claims against that entity should be dismissed for failure to state a claim.

### III.    The Court should dismiss plaintiff's claims against the marital community for failure to state a claim.

Likewise, the Court should dismiss plaintiff's claims against Ms. Pride's marital community because she does not allege that Ms. Pride's purported wrongdoing was

**DEFENDANTS' MOTION TO DISMISS - 10**
**No. 2:21-cv-00549-BJR**

Markowitz Herbold PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

committed during the course of "community business."  A marital community is not liable for the torts of one spouse "unless the act constituting the wrong either (1) results or is intended to result in a benefit to the community or (2) is committed in the prosecution of the business of the community."  *Clayton v. Wilson*, 168 Wash. 2d 57, 63 (2010).  Although the test for imposing liability on a "marital community" has, in the past, been read broadly, the test has been significantly narrowed.  *deElche v. Jacobsen*, 95 Wash. 2d 237, 245 (1980).  In the past, the rule served the purpose of allowing a plaintiff to recover personal property from a married tortfeasor despite Washington's community property laws.  *Id.*  Now, that purpose is served in a different way: Even in cases involving separate torts, a plaintiff may recover from a tortfeasor's half interest in community personal property when that tortfeasor's separate property is insufficient to satisfy the judgment.  *Id.* at 246.

Thus, under the narrower view of marital community liability, financial benefit from one spouse's income by itself is insufficient to establish liability on the part of the marital community.  *See Allan v. Univ. of Wash.*, 140 Wash. 2d 323, 332 (2000).  Although the Washington Court of Appeals has suggested that a marital community may be liable whenever a spouse commits any improper conduct in the course of that spouse's employment, *Durand v. HIMC Corp.*, 151 Wash. App. 818, 836 (2009), that suggestion is inconsistent with the Washington Supreme Court's decision in *Allan*, which, relying on the reasoning in *deElche*, held that one spouse's interest in the other spouse's employment income was not an interest great enough to confer standing.  *Allan* explained that "'[b]y the community property law of this state[,] the legislature did not create an entity or a juristic person separate and apart from the spouses composing the marital community.'"  *Id.* at 332 (quoting *deElche*, 95 Wash. 2d at 243).  Here, plaintiff has not alleged how any alleged violation of wage and hour laws benefited the marital community.  Accordingly, plaintiff has failed to allege facts upon which the court can reasonably infer a benefit or intended benefit to the marital community.

**DEFENDANTS' MOTION TO DISMISS - 11**
No. 2:21-cv-00549-BJR

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON   97201
(503) 295-3085

As to the second basis, "community business" requires "that the spouse be engaged in some community errand, affair, or business at the time of the tort." *Clayton,* 168 Wash. 2d at 65 (cleaned up).  In *Clayton,* for example, the marital community was liable for the husband's abuse of a young boy because the husband had abused the boy while he was performing yard work, and the yard work was "community business." *Id.* at 66.  The court noted that both spouses had hired the boy to perform yard work around their rental properties. *Id.* at 61.

Here, plaintiff does not allege that Ms. Pride committed the alleged wrongdoings during the course of "community business."  Plaintiff does not allege that Ms. Pride's spouse takes any part in the management or operations of Ms. Pride's businesses, nor does plaintiff allege that Ms. Pride's businesses are jointly owned by her husband or are community property.  Instead, plaintiff alleges that Ms. Pride's wrongful actions occurred during the course of Ms. Pride's work as a real-estate broker.  As explained above, that alone is insufficient to state a claim against a marital community.  Plaintiff has not alleged that Ms. Pride was running a business with her spouse that would justify treating her marriage as an entity for purposes of this lawsuit.  Because plaintiff does not allege that Ms. Pride's allegedly wrongful acts created a benefit to the marital community or were committed during the course of "community business," plaintiff's complaint fails to state a claim upon which relief can be granted against Ms. Pride's husband.  Thus, the Court should dismiss the "marital community" as a party to this action.

IV.     **Alternatively, the Court should require plaintiff to specify which claims the plaintiff is asserting against each defendant.**

If the Court grants plaintiff leave to amend her complaint, the Court should require plaintiff to replead her complaint to specify which claims she is asserting against each defendant, and otherwise clarify her allegations for the benefit of the Court and the parties. Under Rule 10(b), a party is required to state its claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and the statement

**DEFENDANTS' MOTION TO DISMISS - 12**
No. 2:21-cv-00549-BJR

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OREGON  97201
(503) 295-3085

must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555 (2007) (internal quotation marks and citation omitted). A motion under Rule 12(e) may be used to challenge a pleading that does not comply with rules 8 and 10. *Anderson*, 77 F.3d at 366.

Plaintiff's Complaint does not comply with Rule 8 and 10 in many respects, one of which is because it constitutes a "shotgun" pleading. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (explaining that a "shotgun" pleading "is in no sense the 'short and plain statement of the claim' required by Rule 8" and such pleadings "completely disregard[] Rule 10(b)'s requirement that discrete claims should be plead in separate counts"). Shotgun pleadings are disfavored because they make it difficult for an opponent to respond and for a court to evaluate. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Gurman v. Metro Hous. and Redevlopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (shotgun pleadings "shift[] onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims have legal support").

Here, plaintiff's complaint qualifies as a shotgun pleading in two ways. First, it does not separate each cause of action or claim for relief into a separate count; and second, it asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts or omissions or which defendants each claim is asserted against. *See Tuinstra v. Bonner Cty.*, No. 2:21-cv-00074-DCN, 2021 WL 2534983, at *3 (D. Idaho June 21, 2021) (explaining that there are two general types of "shotgun" pleadings); *Moore v. Doe*, No. cv-18-08137-PCT-LLR (JZB), 2019 WL 4278979, at *3 (D. Ariz. Aug. 1, 2019) (when a plaintiff brings claims against multiple defendants, the plaintiff is required to affirmatively set forth the conduct of each named defendant with the specific relief sought).

As explained above, plaintiff names certain "John Doe employees" as defendants, but she does not explain which claims for relief those individuals are liable for and does not allege any specific facts pertaining to those individuals' actions. Similarly, plaintiff brings a

**DEFENDANTS' MOTION TO DISMISS - 13**
**No. 2:21-cv-00549-BJR**

defamation claim, but does not specify which defendant is liable.  Plaintiff also alleges that she received a check from Pride Group, which she alleges is also owned by Ms. Pride, plaintiff does not specify which claims for relief Pride Group is liable for or articulate a theory of liability.

It remains unclear the extent to which each defendant is liable and under what theories, and defendants cannot reasonably respond to the complaint without clarity on those issues.  Accordingly, the Court should order plaintiff to provide a more definite and certain statement of each of her claims for relief against each of the defendants in this case.

## CONCLUSION

For the reasons stated above, the Court should dismiss the complaint in its entirety for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.  If the Court finds jurisdiction, it should nonetheless dismiss any claims against the John Doe Employees, Pride Group NW LLC, and the marital community for plaintiff's failure to state claims against any of those parties.  To the extent the Court does not dismiss the complaint in its entirety and with prejudice, the Court should order plaintiff to replead her claims with greater clarity and specificity.

DATED this 17th day of September, 2021.

MARKOWITZ HERBOLD PC


By:   *s/ Jeffrey M. Edelson*
      Jeffrey M. Edelson, WSBA #37361
      JeffEdelson@MarkowitzHerbold.com
      Attorneys for Defendants

1186156

**DEFENDANTS' MOTION TO DISMISS - 14**
No. 2:21-cv-00549-BJR

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I have made service of the foregoing **DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO REQUIRE SPECIFICITY OF CLAIMS** on the party listed below in the manner indicated:

John Barton
The Barton Law Firm
1567 Highlands Drive NE, Suite 110-34
Issaquah, WA  98029-6245
Attorney for Plaintiff

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email: TheBartonLawFirm@GMail.com
☒ Electronically via USDC CM/ECF system

DATED this 17th day of September, 2021.

*s/ Jeffrey M. Edelson*
Jeffrey M. Edelson, WSBA #37361
Attorney for Defendants

**CERTIFICATE OF SERVICE**