UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL K. MCMILLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CPRIDE GROUP LLC, et al.,<br><br>    Defendants. | No. 2:21-cv-549-BJR<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO REQUIRE SPECIFICITY OF CLAIMS |

This matter comes before the Court on Defendants' Motion to Dismiss, or, in the Alternative, to Require Specificity of Claims. Dkt. No. 26. Having reviewed the materials submitted by the parties and Plaintiff's complaint, the Court GRANTS in part and DENIES in part Defendants' motion. The reasons for the Court's decision are set forth below.

**I.    Background**

Plaintiff Rachel McMillan has brought this action against the following defendants: (1) The CPride Group LLC ("CPride Group"); (2) Pride Group NW LLC ("Pride Group NW"); (3) Carlene Pride; (4) Carlene Pride's marital community; and (5) "Unknown John Doe Employees of Defendants." Plaintiff's complaint raises multiple claims against Defendants under federal, state, and municipal law.

ORDER - 1

Unless noted otherwise, the facts recited below are taken from Plaintiff's complaint. For the purposes of the pending motion to dismiss, the Court takes the factual allegations in Plaintiff's complaint as true.

Plaintiff was employed as a transaction coordinator by Defendant CPride Group, which is a business based in Seattle.[1] Her supervisor was Defendant Carlene Pride, who was CPride Group's sole owner, shareholder, and officer. Plaintiff's complaint does not specifically describe the nature of CPride Group's business; however, Defendants represent in their motion that Defendant Pride is a real estate broker.

Plaintiff was employed by CPride Group on an hourly basis of $25 per hour from March 12 to March 31, 2018. Thereafter, on April 17, 2018, Plaintiff signed an employment contract with CPride Group. This contract provided that Plaintiff would be paid $4,200 per month. The employment contract provided that Plaintiff was to be paid $2,100 bi-monthly on the 2nd and 15th days of each month. The employment contract also provided that Plaintiff would receive a bonus of $1,500 for every deal that CPride Group closed. The employment contract stated that Plaintiff's job "encompasses multi-lateral digital management."

Plaintiff alleges that CPride Group issued her paycheck late eight times and also failed to pay her $6,500 in bonuses for deals that were closed. Plaintiff also alleges that from approximately June 2018 until she was terminated in November 2018, she worked more than 40 hours per week and was not paid overtime wages.

On November 14, 2018, Defendant Pride told Plaintiff that she would not receive $6,500 in unpaid bonuses because Plaintiff did not deserve them due to "underperformance." Instead,

---

[1] As discussed below, Plaintiff also argues in response to Defendants' pending motion that she was employed by Defendant Pride Group NW.

ORDER - 2

Defendant Pride offered to pay Plaintiff $3,000 for unpaid past bonuses. Defendant Pride also told Plaintiff that she must sign a new employment contract to continue working for CPride Group. Defendant Pride gave Plaintiff a check for $5,100 (which represented $2,100 for Plaintiff's bi-monthly paycheck and $3,000 for unpaid bonuses) and a new employment contract to sign. However, Defendant Pride took back the new employment contract and the $5,100 check after Plaintiff demanded full payment of the $6,500 of unpaid bonuses and her $2,100 bi-monthly wages (for a total of $8,600). Later that day, Plaintiff sent an email to Defendant Pride asking to be paid $8,600.

On November 15, 2018, Defendant Pride gave Plaintiff a revised version of a new employment contract and a document entitled "Settlement Agreement." In the Settlement Agreement, Defendant Pride again offered to pay Plaintiff only $3,000 of the $6,500 of unpaid bonuses.

On November 16, 2018, Plaintiff told Defendant Pride that she would not sign the Settlement Agreement or the revised version of the new employment contract if those documents "required her to abandon earned wages." Dkt. No. 1 at 22. Defendant Pride told Plaintiff that she would be immediately terminated unless Plaintiff signed the Settlement Agreement or the new employment contract. When Plaintiff refused to sign, Defendant Pride terminated Plaintiff on November 16, 2018.

Plaintiff was issued a check for $2,100 by Defendant Pride on November 16, 2018. The check was drawn on the account of Pride Group NW rather than from the account of CPride Group. Dkt. No. 1 at 17.

After being terminated, Plaintiff filed a claim for unemployment benefits. Defendant CPride Group unsuccessfully challenged Plaintiff's entitlement to unemployment benefits. After

ORDER - 3

Defendant CPride Group dropped its appeal of Plaintiff's claim for unemployment benefits, it mailed Plaintiff a check for $5,000.

Plaintiff's complaint in this matter runs 46 pages. Under the heading "Causes of Action, Damages, and Relief Requested," Plaintiff's complaint includes nineteen separate subheadings, which are listed as follows:

(1) "Failure to pay minimum wages on the designated payday as required by city, state, and federal statutes and code."

(2) "Failure to pay a contractually-agreed-upon salary on the designated payday as required by city and state statutes and code."

(3) "Failure to pay overtime wages on the designated payday as required by state and federal statutes."

(4) "Failure to pay contractually-agreed-upon bonuses on the designated payday as required by city and state."

(5) "Failure to pay wages based on the application of the doctrine 'application of payments' to ongoing wage debt."

(6) "Retaliation for asserting a wage claim."

(7) "Failure to prepare, keep, and provide employees with employee records" as required by the Seattle Municipal Code.

(8) "Failure to post notice of wage rights" as required by the Seattle Municipal Code;

(9) "Employment taxes," which "requests that the Defendants pay all employer taxes due on all unpaid wages."

(10) "Denied employment benefits due to treatmen[t] of McMillan as independent contractor."

ORDER - 4

(11) "Wrongful termination in retaliation for asserting wage rights."

(12) "An injunction to prevent future retaliation."

(13) "Attorney fees and costs."

(14) "Breach of contract."

(15) "Defamation and invasion of privacy, false light."

(16) "Equitable relief."

(17) "Tax gross up."

(18) "Interest."

(19) "Other relief as the Court deems appropriate."

Defendants have moved to dismiss Plaintiff complaint on a number of grounds. In the alternative, Defendants have moved under Federal Rule of Civil Procedure 12(e) to require Plaintiff to state her claims with greater specificity.

## II. Discussion

**A. Compliance with Rule 8(a)(1)**

As a preliminary matter, Defendants argue that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a)(1), which provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Defendants correctly note that Plaintiff's complaint does not include such statement. Instead, Plaintiff's complaint simply alleges that this Court has subject matter jurisdiction pursuant to RCW 2.08.010, which is a Washington State statute that does not provide a basis for federal jurisdiction. This error is notable because Plaintiff, who is represented by counsel, chose to file this case in federal court, and as a result should have followed the requirements of Federal Rule of Civil Procedure 8(a)(1) in drafting her complaint.

ORDER - 5

Nonetheless, courts have held that failure to comply with this rule "does not require dismissal for lack of jurisdiction provided that the complaint reveals a proper basis for jurisdiction." *Wong v. Bacon*, 445 F. Supp. 1177, 1182 (N.D. Cal. 1977). As discussed further below, Plaintiff's complaint includes claims brought under the federal Fair Labor Standards Act (FLSA), which would provide a basis for federal question jurisdiction in this matter under 28 U.S.C. § 1331.[2] As a result, the Court will not dismiss Plaintiff's complaint for failure to comply with Rule 8(a)(1).

**B.   Plaintiff's Federal Claims Under the Fair Labor Standards Act**

**1.  Legal Standards**

Defendants seek to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's federal claims under the FLSA are not valid. Defendants also argue that Plaintiff's FLSA claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.

A motion to dismiss under Rule 12(b)(1) is properly granted if the allegations in a plaintiff's complaint are not sufficient on their face to invoke federal jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In ruling on a motion to dismiss under Rule 12(b)(1), the Court must accept the factual allegations in the complaint as true. *Id.* "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) 'the alleged claim . . . clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'" *Leeson v.*

---

[2] If the Court has federal question jurisdiction, the Court may exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

ORDER - 6

*Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

**2. Plaintiff's Minimum Wage and Overtime Claims Under the FLSA**

Plaintiff's complaint alleges that Defendants violated provisions of the FLSA that require employers to: (1) pay their employees the statutory minimum wage by an established pay day; and (2) pay their employees overtime wages for any hours they work beyond 40 hours per week. *See* 29 U.S.C. §§ 206-207. Defendants argue that Plaintiff's federal claims under the FLSA for minimum wage and overtime pay violations must be dismissed because Plaintiff's complaint does not contain sufficient allegations to show that she was a "non-exempt" employee of Defendants (i.e., an employee who is not exempt from the protections of the FLSA's minimum wage and overtime requirements).

ORDER - 7

Defendants argue that the allegations in Plaintiff's complaint affirmatively demonstrate that she was an "exempt employee" who cannot bring claims under the FLSA. Defendants contend that the allegations in Plaintiff's complaint, if accepted as true, "establish that plaintiff was subject to the 'bona fide administrative employee' exemption and cannot seek relief via the FLSA." Dkt. No. 32 at 3.

The Court finds that Plaintiff's complaint includes sufficient allegations to support her FLSA claims for minimum wage and overtime violations. Defendants do not point to any authority that requires plaintiffs who bring FLSA claims for minimum wage and overtime violations to include a specific allegation in their complaints that they are "non-exempt" employees for purposes of the FLSA. Instead, the Ninth Circuit has held that "an employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

Furthermore, the affirmative allegations in Plaintiff's complaint do not demonstrate that Plaintiff is a "bona fide administrative employee" who is exempt from the FLSA's minimum wage and overtime pay requirements. Under 29 C.F.R. § 541.200, a "bona fide administrative employee" is an employee who: (1) is compensated on a salary basis of not less than $684 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; <u>and</u> (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. With respect to the "primary duty" prong of this test, Defendants highlight the fact that Plaintiff's employment contract identifies "multi-lateral digital management" as part of her job duties. However, this statement standing alone does not establish that Plaintiff's primary duties involved the exercise of discretion and independent

ORDER - 8

judgment with respect to matters of significance, as required to show that Plaintiff was a "bona fide administrative employee" who was exempt from the FLSA. *See, e.g.*, *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1117 (W.D. Wash. 2011) (noting that "[w]hile 'established position descriptions and titles' may inform the exemption analysis, 'the designation of an employee as FLSA exempt must ultimately rest on the duties actually performed by the employee.'") (quoting 5 C.F.R. § 551.202(e)); *see also Bothell v. Phase Metrics*, 299 F.3d 1120, 1125 (9th Cir. 2002) (holding that a defendant who seeks to dismiss an employee's FLSA claims on the grounds that the employee is an exempt "bona fide administrative employee" must prove that the employee meets all of the requirements of 29 C.F.R. § 541.2).

Nonetheless, the question of whether Plaintiff is covered by the FLSA is a central issue in this case, given Plaintiff's decision to file this case in federal court rather than in state court. Plaintiff's FLSA claims provide the only basis for federal question jurisdiction in this case, and under 28 U.S.C. §1367 the Court need not exercise supplemental jurisdiction over Plaintiff's state and municipal law claims if Plaintiff's FLSA claims are dismissed.[3] The Court therefore encourages, if feasible, the filing of an early summary judgment motion on the question of whether Plaintiff was an exempt or non-exempt employee under the FLSA.[4]

In sum, the Court denies Defendants' motion under Rule 12(b)(6) to dismiss Plaintiff's FLSA claims for minimum wage and overtime violations. Because these FLSA claims provide a

---

[3] The Court notes that Plaintiff has requested that the Court "remand" this case to state court if it finds that it lacks subject matter jurisdiction. However, Plaintiff is advised that the Court cannot "remand" this case to state court because Plaintiff chose to file this case in federal court. *See, e.g.*, *HNA LH OD, LLC v. Local House Int'l, Inc.*, No. 21-cv-21022, 2021 WL 4459404, at *9 n.5 (noting "[n]o federal statute empowers a district court to transfer a civil action originally filed in federal court to a state court.").

[4] As noted below, the Court also intends to refer this matter to a magistrate judge for a settlement conference pursuant to Local Civil Rule 39.1(e). In the interest of conserving the resources of the parties and the Court, the Court would request that the filing of any summary judgment motions in this matter be deferred until the parties have participated in a settlement conference with a magistrate judge.

ORDER - 9

basis for federal question jurisdiction, the Court also denies Defendants' motion to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1).

### 3. Retaliation Claims Under the FLSA

Plaintiff has also asserted a retaliation claim against Defendants under 29 U.S.C. § 215(a)(3). In relevant part, this provision of the FLSA makes it unlawful for employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter . . . ." 29 U.S.C. §215(a)(3).

The FLSA's anti-retaliation provision protects employees who complain to their employers about an alleged violation of the FLSA. *Lambert v. Ackerley*, 180 F.3d 997, 1008 (9th Cir. 1999). The Ninth Circuit has held that an employee is protected by this provision by communicating "the *substance* of his allegations to the employer (e.g., that the employer has failed to pay adequate overtime, or has failed to pay the minimum wage)" and "need not refer to the FLSA by name." *Id.* (emphasis in original). The U.S. Supreme Court has more recently held that an employee's complaint to an employer "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

Defendants argue that Plaintiff has failed to allege that she engaged in protected activity that would give rise to a claim for retaliation under the FLSA. Defendants contend that Plaintiff alleges that she "was fired for refusing to sign a new employment contract releasing her claims to bonuses that she had claimed she was entitled to." Dkt. No. 26 at 9. Defendants maintain that Plaintiff's complaint to her employer about non-payment of bonuses "is not protected activity

under the FLSA because it does not put an employer on notice that the employee is asserting a complaint under the FLSA" for minimum wage or overtime pay. *Id*.

In response, Plaintiff argues that she has pleaded a plausible claim that Defendant Pride retaliated against her by withholding Plaintiff's bi-monthly salary when she "refused to abandon bonuses." Dkt. No. 30 at 10. However, Plaintiff's argument does not address Defendants' point that Plaintiff's assertion of her right to bonuses under her employment contract does not constitute protected activity under the FLSA. Because Plaintiff does not sufficiently allege that she complained to Defendants about violations of her rights under the FLSA (such as rights to minimum wage or overtime pay), Plaintiff has not stated a cognizable claim for retaliation under the FLSA.

As a result, the Court will grant Defendants' motion to dismiss Plaintiff's FLSA retaliation claims. However, because it is not clear that Plaintiff's FLSA retaliation claims could not be saved by amendment, the Court dismisses these claims with leave to amend. *See Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) (noting dismissal under Rule 12(b)(6) without leave to amend is improper unless it is clear the complaint could not be saved by any amendment). Any amended complaint must be filed by Plaintiff within 14 days of today's Order.

C.  **Claims Against "John Doe" Defendants**

Defendants have also moved to dismiss Plaintiff's claims against "Unknown John Doe Employees" under Rule 12(b)(6), arguing that Plaintiff "does not allege facts that permit a reasonable inference that any such claims exist." Dkt. No. 26 at 9. In response, Plaintiff argues that she "named John Doe Defendants so that she can add additional employees if they are identified in discovery." Dkt. No. 30 at 11-12.

ORDER - 11

The Court agrees with Defendants that Plaintiff's claims against "Unknown John Doe Employees" should be dismissed. Neither Plaintiff's complaint nor her response to Defendants' motion provides any information suggesting that she has grounds for claims against any "unknown" employees of Defendants; indeed, Plaintiff's 46-page complaint only mentions "Unknown John Doe Employees" in the caption of the complaint and includes no specific allegations against these supposed "defendants." Therefore, Defendants' motion to dismiss Plaintiff's claims against "Unknown John Doe Employees" is dismissed with prejudice and without leave to amend.

**D.     Claims Against Pride Group NW**

Defendants also argue that Plaintiff's claims against Defendant Pride Group NW should be dismissed under Rule 12(b)(6). Defendants argue that Plaintiff's complaint does not allege that she was employed by Pride Group NW, but only alleges that: (1) Plaintiff received a check from Pride Group NW; and (2) Defendant Carlene Pride owns Pride Group NW. Defendants argues that "without any specific factual allegations concerning the ways in which she was harmed by Pride Group, plaintiff's claims against that entity should be dismissed for failure to state a claim." Dkt. No. 26 at 10.

In response, Plaintiff argues that the Pride Group NW was her employer under the FLSA's broad definition of "employer," which includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Plaintiff notes that her complaint includes allegations that Defendant Pride owned both CPride Group and Pride Group NW and that the Pride Group NW periodically paid Plaintiff's wages. In the alternative, Plaintiff asserts that she would be able to make additional allegations to support her claims against Pride Group NW if given the opportunity to amend her complaint.

ORDER - 12

The Court agrees with the Defendants that the allegations in Plaintiff's complaint are not sufficient to state any cognizable claims against Pride Group NW. However, because Plaintiff may be able to state viable claims against Pride Group NW by alleging additional facts, the Court dismisses Plaintiff's claims against Pride Group NW with leave to amend. As before, any amended complaint must be filed within 14 days of today's Order.

E.  **Claims Against Marital Community of Defendant Carlene Pride**

In their opening brief, Defendants also moved to dismiss Plaintiff's claims against the marital community of Defendant Carlene Pride. Defendants argue that these claims should be dismissed because Plaintiff does not allege that any wrongdoing by Defendant Pride benefitted the marital community or was committed during the course of "community business." Dkt. No. 26 at 11. In response, Plaintiff argues that Washington law establishes that when one spouse commits a tort while acting for the benefit of the community, the marital community is liable. *See, e.g.*, *deElche v. Jacobsen*, 95 Wn.2d 237, 245 (1980) (holding "[t]orts which can properly be said to be done in the management of community business, or for the benefit of the community, will remain community torts . . . ."). Plaintiff also asserts that she can amend her complaint to provide additional facts to support a claim against Defendant Pride's marital community.

The Court finds that Plaintiff's claims against the marital community of Defendant Pride should be dismissed because Plaintiff's complaint includes no allegations whatsoever concerning the marital community. Indeed, it appears that Plaintiff's complaint only mentions Defendant Pride's marital community in the caption of the complaint. However, because Plaintiff may be able to plead additional facts to support her claims against the marital community of Defendant

ORDER - 13

Pride, the Court dismisses these claims with leave to amend.[5]  Any amended complaint must be filed within 14 days of today's Order.

**F.      Motion for a More Definite Statement**

Finally, Defendants argue that if the Court grants Plaintiff leave to amend her complaint, the Court should require Plaintiff to plead her claims with greater specificity pursuant to Rule 12(e).  This rule authorizes a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "[M]otions for a more definite statement are disfavored, and 'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.'"  *Dri-Eaz Prods. v. Dan Duc Nguyen*, No. C11-1654Z, 2012 WL 1537598, at *1 (W.D. Wash. May 1, 2012).

Defendants argue that "at a minimum, plaintiff should be required to amend her complaint to specify what claims she asserts against which defendants and the basis for each claim."  Dkt. No. 32 at 7.  Plaintiff argues that there is no need to amend because her complaint makes it clear against whom she is bringing her claims.

As discussed above, the Court has granted Plaintiff leave to amend her complaint as to several issues of concern to Defendants.  Consistent with its rulings above, the Court expects Plaintiff to provide greater specificity in her amended complaint regarding the basis for her claims against each named defendant.  Therefore, the Court will deny Defendants' motion for a more definite statement under Rule 12(e) because the Court expects that Plaintiff will attempt to

---

[5] The Court declines to address additional arguments that Defendants raised for the first time in their reply brief regarding Plaintiff's claims against the marital community and/or claims against Defendant Pride's spouse.  *See, e.g.*, *Thompson v. C.I.R.*, 631 F.2d 642, 649 (9th Cir. 1980) (noting the "general rule" that an issue cannot be raised for the first time in a reply brief).

ORDER - 14

cure the deficiencies in her complaint as discussed earlier in the Court's rulings on Defendant's motion to dismiss under Rule 12(b)(6). The Court also takes this opportunity to caution Plaintiff that any amended complaint must not include unnecessary personal identifying information of individual Defendants, such as dates of birth or home addresses.

**G.     Referral to a Magistrate Judge for a Settlement Conference**

Based on its consideration of the pending motion and its review of the complaint in this matter, the Court finds that efforts should be made at this early stage of the proceedings to attempt to resolve this case through alternative dispute resolution procedures. Therefore, the parties are advised that the Court intends to refer this matter to a magistrate judge for a settlement conference pursuant to Local Civil Rule 39.1(e). The Court will issue a separate order referring this matter for a settlement conference after the Court has identified a magistrate judge who is available to conduct the conference.

### III.     Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion. Dkt. No. 26. The Court ORDERS as follows:

(1) The Court GRANTS Defendants' motion to dismiss Plaintiff's claims against "Unknown John Doe Employees of Defendants." These claims are dismissed without leave to amend.

(2) The Court GRANTS Defendants' motion to dismiss Plaintiff's claims for: (a) retaliation under the FLSA; (b) Plaintiff's claims against Pride Group NW; and (c) Plaintiff's claims against the marital community of Carlene Pride. These claims are dismissed with leave to amend. An amended complaint must be filed within 14 days of the date of this Order.

ORDER - 15

(3) The Court DENIES Defendants' motion to the extent it seeks: (a) dismissal of Plaintiff's complaint for lack of subject matter jurisdiction; (b) dismissal of Plaintiff's claims for minimum wage and overtime violations under the FLSA; and (c) to require Plaintiff to provide a more definite statement under Rule 12(e).

(4) The Court will refer this case to a magistrate judge for a settlement conference pursuant to Local Civil Rule 39.1(e).

(5) Should this matter not be resolved at the settlement conference, the Court encourages the filing of an early summary judgment motion, if feasible, on the question of whether Plaintiff was an exempt or non-exempt employee under the FLSA.

Dated:  April 22, 2022

Barbara Jacobs Rothstein
U.S. District Court Judge