UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL K. MCMILLAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE CPRIDE GROUP LLC, et al.,<br><br>                    Defendants. | Case No. C21-549-BJR<br><br>**ORDER REGARDING<br>SETTLEMENT CONFERENCE** |

This case has been referred for a settlement conference before the Honorable S. Kate Vaughan, United States Magistrate Judge.  Dkt. 51.

Accordingly, IT IS HEREBY ORDERED:

**A.  Participation of Parties**

All parties and their counsel are hereby DIRECTED to appear on:

April 6, 2023

**United States District Courthouse
700 Stewart St. 12th floor - Courtroom 12A
Seattle, WA 98101**

**All parties, representatives with full and complete settlement authority and lead counsel are required to personally attend the conference.** Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating

ORDER REGARDING SETTLEMENT CONFERENCE- 1

circumstances, which must be approved by Judge Vaughan in advance of the settlement conference. It is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement. If there are other parties necessary to settle the case, counsel must arrange for their attendance. Any counsel appearing without authority to negotiate may result in an award to the other parties of their costs and fees incurred for the conference, or other sanctions.

**The Settlement Conference is scheduled to start at 9:00 a.m. and to end no later than 4:00 p.m.** Personal attendance is required for the entire duration of the settlement conference.

**B. Format**

Consideration of settlement is a serious matter that requires thorough preparation prior to the Settlement Conference. Set forth below are the procedures the Court requires the parties to follow and the procedures the Court will employ in conducting the Conference.

**1. Pre-Settlement Conference Exchange of Demand and Offer**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, at least three weeks prior to the Settlement Conference (on or before March 16, 2023), plaintiff's counsel shall submit a written settlement demand to defense counsel, including an itemization of damages claimed and the method by which they were calculated, as well as any request for non-monetary relief, with a brief explanation of why such settlement is appropriate. No later than two weeks prior to the Settlement Conference (on or before March 23, 2023) defense counsel shall submit a written response to plaintiff's counsel stating the defense settlement position and counteroffer. If the defendant intends to respond to the demand by offering nothing, that shall be expressly stated

and the response will include an explanation of that position.  Even if the Settlement Conference is set less than three weeks out from this Order, the plaintiff must still make a settlement demand, and the defendant must still respond prior to the conference.  This correspondence between the parties shall be included with the confidential letters submitted to the Court.  In addition, at least two weeks prior to the Settlement Conference, counsel shall circulate updated expert reports, if such reports will assist with the negotiations and settlement decision.  Failure to comply with the requirements of this paragraph may result in the postponement of the Settlement Conference.

**2.  Submission of Confidential Settlement Letters**

Each party shall submit a confidential letter no later than ten (10) days prior to the Settlement Conference (on or before **March 27, 2023**).  Do not file copies of these letters on the Court docket and do not serve these letters on the opposing party.  The letter shall include the case number and case name and shall be emailed to Judge Vaughan at Stefanie_Prather@wawd.uscourts.gov.  The email subject line shall read: "Confidential [name of party] v. [name of party], case number, [Plaintiff's/Defendant's] Settlement Letter."  Do not mail hard copies of the letter to Chambers.

The confidential settlement letters shall not exceed **fifteen (15) pages** in length and shall set forth the following:

- The name and title of the client who will be present throughout the conference and who will be authorized to enter into a settlement agreement, and the names and titles of any other persons who will attend the conference;

- A brief analysis of the key issues involved in the litigation, including the party's claims and defenses and the applicable statutory or other bases upon which the claims or defenses are based;

- A candid description of the strongest and weakest points in **each** party's case,

ORDER REGARDING SETTLEMENT CONFERENCE- 3

both legal and factual (key exhibits, expert reports, or extracts of deposition transcripts may be attached);

- Itemization of damages, fees, and costs to date, and an estimated amount of fees, time, and costs to be expended through the conclusion of trial;

- Reference (by docket number) to any motions, pending or otherwise, that are significant in the case or would have a material impact on settlement, for the Court to review prior to the conference;

- A history of past settlement discussions, including as an attachment the demand/offer letters set forth in paragraph B1;

- The major obstacles to settlement as perceived by each party; and

- A settlement proposal the party believes to be fair.

Failure to submit a Confidential Settlement Letter will result in the rescheduling or cancellation of the Settlement Conference.

**3.     Confidentiality**

The Court expects the parties to address each other with courtesy and respect. The parties and counsel are encouraged to advise the Court of their pronouns and honorifics (such as Ms., Mx., or Mr.,) and may do so in signature lines or by advising the in-court deputy clerk before a hearing begins, either via email or in person. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the Settlement Conference are not to be used in discovery or for any other purpose, and will not be admissible at trial. LCR 39.1; Fed. R. Evid. 408(a). Any documents submitted for the Settlement Conference will be maintained in Chambers and will be destroyed after the Conference.

**4.     Settlement Conference Format and Requirements for Virtual Conferences**

The Court will generally use a mediation format that consists of a joint session with an opening discussion by the Court. Opening statements by the parties are discouraged. Thereafter,

ORDER REGARDING SETTLEMENT CONFERENCE- 4

there will be private caucusing by the Court with each of the parties.  The Court expects both the lawyers and the party representatives to be fully prepared to participate.  The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to consider creative means for resolving the dispute.

**5.  Settlement Agreement**

In anticipation of a settlement, the parties shall bring to the settlement conference a copy of a draft settlement agreement in a form acceptable to them for signature by all parties.  The Court will summarize the key terms of the agreement on the record.  If settlement is agreed, it is the responsibility of all counsel to immediately report the settlement to the District Court as well as to timely memorialize the settlement.

DATED this 7th day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge